**WO**                                                                                                              BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Meneses, ) | No. CV 05-3335-PHX-SMM (JRI) |
|     Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
|     Defendant. ) | |

    In this civil rights action brought by a *pro se*, Defendant has moved to dismiss (Doc. #9) for lack of exhaustion. Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

    Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendant Joseph M. Arpaio violated his constitutional rights due to (1) an inadequate and tainted diet, (2) overcrowding, and (3) unsanitary conditions (Doc. #1). Defendant Arpaio was ordered to answer the Complaint, and subsequently filed a Motion to Dismiss (Docs. ##5, 9). In his Motion to Dismiss, Defendant argued that Plaintiff failed to exhaust his administrative remedies because he did not file any inmate grievances (Doc. #9). Attached to the motion were (1) an affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit, (2) the Maricopa County Grievance Procedures, (3) the Maricopa County Rules and Regulations for Inmates, and (4) a blank inmate grievance form (Id.).

**II. Failure to Respond**

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #10). Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Accordingly, Plaintiff's failure to respond to the Motion to Dismiss may be construed as a consent to the granting of it. However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

**III. Legal Standard on Motion to Dismiss**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has

1  broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l
2  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).  The proper
3  remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
4  without prejudice."  Wyatt, 315 F.3d at 1120.

5  **IV.  Analysis**

6  According to the documents attached to the Motion to Dismiss, an inmate should seek
7  to resolve a conflict through the Maricopa County Jail System's Inmate Grievance
8  Procedures.  Specifically, an inmate who wishes to file a grievance will be provided a
9  Grievance Form upon request, and must submit the form to a detention officer.  The
10 unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.
11 If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision
12 to the jail commander, whose decision may be appealed to an External Referee. The External
13 Referee's decision is final.

14 Tademy attested that (1) the Maricopa County Grievance Policies do not limit the
15 issues an inmate may grieve, (2) the detention officers pass out grievances as part of their
16 duties, and (3) it is against policy for a detention officer to not accept an inmate grievance
17 (Doc. #7, ex. 1).  Tademy further attested that Plaintiff failed to file any inmate grievances
18 (Id.).

19 Defendant has demonstrated that there exists a grievance system which was made
20 available to the Plaintiff, to which Plaintiff failed to avail himself.  Plaintiff stated in his
21 Complaint that he was told by detention officers and employees of Maricopa County
22 Sheriff's Office that his claims were non-grievable (Doc. #1).  However, Plaintiff's mere
23 allegation in his Complaint that he was told by an unnamed detention officer that his claims
24 were non-grievable is insufficient to support an allegation that Plaintiff was "reliably
25 informed" that there were no available remedies. See Brown v. Valoff, 422 F.3d 926, 934-35
26 (9th Cir. 2005).  Accordingly, based on the evidence before this Court, Plaintiff failed to
27 exhausted his administrative remedies, and Defendant's Motion to Dismiss will be granted.
28

1 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #9) is **granted**.
2 Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
3 shall enter a judgment of dismissal accordingly.

4 DATED this 29th day of September, 2006.

Stephen M. McNamee
United States District Judge